UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>         Plaintiff,<br>v.<br>ERIC MENDOZA TANORY,<br>         Defendant. | Case No.: 19CR3565 WQH<br><br>**ORDER** |

HAYES, Judge,

  The matter before the Court is the motion for review of denial of bond modification (ECF No. 37) filed by Defendant.

**FACTS**

  On September 4, 2019, Defendant was arrested and subsequently charged with felon in possession of ammunition in violation of 18 U.S.C. § 922(g)(1); possession of an unregistered firearm in violation of 26 U.S.C. §§ 5861(d) and 5871; and possession of stolen mail in violation of 18 U.S.C. §1708.

  On September 13, 2019, Defendant was brought before a United States Magistrate Judge for an initial appearance. Defendant was appointed counsel. Plaintiff United States moved for an order of detention based upon risk of flight and danger to the community. The Magistrate Judge granted detention and set a preliminary hearing.

On September 17, 2019, the Magistrate Judge entered an order of detention finding Defendant a risk of flight and a danger to the community. The Magistrate Judge considered the nature and circumstances of the offense charged, the weight of the evidence, the history and circumstances of the defendant, and the nature and seriousness of the danger to any person or the community posed by release of the Defendant. The Magistrate Judge concluded that the Government had proven by a preponderance of the evidence that no condition or combination of conditions will reasonably assure the defendant's appearance as required.

On April 24, 2020, Defendant filed a motion for reconsideration of the detention order.

On May 7, 2020, the Magistrate Judge denied reconsideration finding that new information regarding Defendant's medical circumstances does not outweigh factors supporting detention. The Magistrate Judge stated,

> The Court is not persuaded that the new circumstance of the COVID-19 pandemic, including Defendant's medical condition, outweighs the factors supporting detention in this case. There is no indication that Defendant's medical needs are not being addressed at MCC, and there are no reported cases of COVID-19 at that facility. There is a rebuttable presumption of detention in this case under 18 U.S.C. § 3142(e)(2). Although the Court appreciates that Defendant's parents are willing to lend their support to Defendant, this does not overcome the presumption or Defendant's significant criminal history. Defendant has not presented any evidence to dispute the Court's prior findings that Defendant participated in criminal activity while on parole, that Defendant has a history of gang membership, or that Defendant has a history of substance abuse.

ECF No. 34 at 3.

On June 5, 2020, Defendant filed an appeal of the order of detention. Defendant asserts that a $50,000 personal appearance bond secured by the signature of Defendant's father will assure his future appearance. Defendant asserts that the bond secured by his father is sufficient in light of the COVID-19 outbreak and Defendant's diagnosis with

Case 3:19-cr-03565-WQH   Document 43   Filed 06/29/20   PageID.190   Page 3 of 4

Hepatitis C. Plaintiff United States asserts that the facts and circumstances of this case support the order of detention.

## APPLICABLE LAW

The Bail Reform Act of 1984 permits pretrial detention of a defendant only where "after a hearing . . . the judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required . . . ." 18 U.S.C. § 3142(e). The evidence in the record must establish the risk of flight by a preponderance of the evidence and must demonstrate that there is no condition, or combination of conditions, that would reasonably assure Defendant's appearance at future proceedings if released on bond. *See United States v. Motamedi*, 767 F.2d 1403, 1406-07 (9th Cir. 1985).

This Court reviews the evidence "de novo" and makes its own determination whether to modify the detention order. *United States v. Keonig*, 912 F.2d 1190, 1192-93 (9th Cir. 1990). The Court takes into account all available information concerning the factors set forth in § 3142(g) in determining whether there are conditions of release that will reasonably assure the appearance of the Defendant, including the nature and circumstances of the offense charged, the weight of the evidence, and the history and characteristics of the Defendant. *Motamedi,* 767 F.2d at 1407. The weight of the evidence is the least important of the various factors, but it is a factor to be considered under §3142(g)(2). *See United States v. Honeyman*, 470 F.2d 473, 474 (9th Cir. 1972). The Court is required to make an "individualized determination" under the Bail Reform Act. *United States v. Santos-Flores*, 794 F.3d 1088, 1091 (9th Cir. 2015).

## RULING OF THE COURT

Defendant is charged with the felony serious felony offenses involving dangerous weapons and ammunition. Defendant is charged with an offense that carries a mandatory minimum sentence of 10 years in custody. Defendant is subject to a rebuttable presumption "that no combination or combination of conditions will reasonably assure the appearance of the person as required…." 18 U.S.C. § 3142(e)(3)(A).

3

19CR3565 WQH

In this case, the weight of the evidence is substantial but the least important factor. Defendant has a significant criminal history, including drug trafficking convictions, a factor which favors detention. The Magistrate Judge properly conducted a detention hearing pursuant to 18 U.S.C. § 3142(f) and considered each of the factors set forth in Section 3142(g). After de novo review of the record, the Court concludes that the facts demonstrate that the Defendant is a flight risk and a danger to the community. The Court concludes that there is no condition or combination of conditions that will reasonably assure Defendant's appearance. Defendant's medical needs are addressed at the Bureau of Prisons facility. The Bureau of Prisons has taken measures to mitigate the risks of transmission of the coronavirus. Defendant is currently housed at the Metropolitan Correctional Facility and no facts in this record support a finding that the conditions of his detention at this facility favors his release.

IT IS HEREBY ORDERED that the motion for review of denial of bond modification (ECF No. 37) is denied.

Dated: June 29, 2020

Hon. William Q. Hayes
United States District Court