AO 247 (Rev. 03/19)    Order Regarding Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(2)                Page 1 of 2 (Page 2 Not for Public Disclosure)

# UNITED STATES DISTRICT COURT
for the

### Southern District of California

|  |  |
|---|---|
| United States of America | ) |
| v. | ) |
| ERIC MENDOZA TANORY | ) Case No: 19cr3565-WQH |
|  | ) USM No: _____ |
| Date of Original Judgment:  03/25/2021 | ) |
| Date of Previous Amended Judgment: _____ | ) |
| *(Use Date of Last Amended Judgment if Any)* | *Defendant's Attorney* |

## ORDER REGARDING MOTION FOR SENTENCE REDUCTION PURSUANT TO 18 U.S.C. § 3582(c)(2)

Upon motion of ☑ the defendant ☐ the Director of the Bureau of Prisons ☐ the court under 18 U.S.C. § 3582(c)(2) for a reduction in the term of imprisonment imposed based on a guideline sentencing range that has subsequently been lowered and made retroactive by the United States Sentencing Commission pursuant to 28 U.S.C. § 994(u), and having considered such motion, and taking into account the policy statement set forth at USSG §1B1.10 and the sentencing factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable,

**IT IS ORDERED** that the motion is:

☑ DENIED.   ☐ GRANTED and the defendant's previously imposed sentence of imprisonment *(as reflected in the last judgment issued)* of _____ months **is reduced to** _____ .

*(See Page 2 for additional parts. Complete Parts I and II of Page 2 when motion is granted)*

Defendant moves for a reduced sentence as a result of the U.S. Sentencing Commission's retroactive Amendment 821. (ECF No. 67.) Defendant does not identify which portion of Amendment 821 he is relying upon in his motion. The Court liberally construes his pro se motion to be related to the only portion of Amendment 821 which arguably relates to his sentence, i.e., the amendment to USSG § 4A1.1(e). Under the amended version of § 4A1.1(e), the number of "status points" applicable to Defendant would have been reduced from two to one. However, under the amended version of § 4A1.1(e), Defendant nonetheless would have 19 criminal history points, and Defendant would remain in criminal history category VI, which is the same criminal history category he was in at sentencing, and would result in no change to Defendant's sentencing guideline range. (See PSR ¶¶ 70-72.) Defendant is therefore ineligible for a reduced sentence under USSG § 1B1.10(a)(2)(B). Even if the Court had the discretion to grant Defendant's motion, the Court would decline to reduce Defendant's sentence because the Court finds that the need for the sentence to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense under 18 U.S.C. §3553(a) continues to support the 63-month custodial sentence imposed. The Motion for Reduction in Sentence is denied. (ECF No. 67.) Because the Court referred Defendant's motion to the Federal Defenders (see ECF No. 68), who filed a status report concluding that the Court can decide Defendant's motion on the existing record without further assistance of counsel (see ECF No. 70), the Court denies Defendant's request for appointment of counsel. (See ECF No. 67 at 1.)

Except as otherwise provided, all provisions of the judgment dated   03/25/2021   shall remain in effect.
**IT IS SO ORDERED**.

Order Date:   1/23/25

*William Q. Hayes*
_____
*Judge's signature*

Effective Date: _____
*(if different from order date)*

Hon. William Q. Hayes, U.S. District Judge
*Printed name and title*